### MANOR REALTY CO. v. EGBERT.

(Supreme Court, Appellate Division, Second Department. November 27, 1912.)

EVIDENCE (§ 207*)—ADMISSIONS—PRIOR ACTIONS.

Where defendant in other actions by and against him has succeeded by proving that his debt was to plaintiff, records of such actions should be admitted in evidence, as he should not be allowed to dispute judgments of the court entered at his instance.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 707–712; Dec. Dig. § 207.*]

Jenks, P. J., and Rich, J., dissenting.

Appeal from Trial Term, Kings County.

Action by the Manor Realty Company against George W. Egbert. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Edward M. Bassett, of New York City (W. W. Thompson, of Albany, on the brief), for appellant.

George W. Titcomb, of Brooklyn, for respondent.

PER CURIAM. The defendant in several actions brought by him or against him has succeeded by proving that he owed the present

plaintiff a sum of money on account. To recover that sum with some added items this action is brought, and the defendant, having in the previous actions proven the plaintiff the creditor, now denies the indebtedness and interposes the statute of limitations, and the complaint has been dismissed. The referee erroneously struck out the records in the earlier actions that establish that the defendant owes the plaintiff, and, with such evidence retained, it appears in connection with other evidence that defendant does owe the plaintiff a balance on the account and that he should pay it unless the statute has run against it. It is true that the ownership of this balance was asserted by Pounds to be in him, but the defendant established that it was not in him, and in an action between the present parties he showed that the ownership of an account was in the present plaintiff. It is unconscionable that he should attempt at this time to shift to the claim that he defeated when Pounds asserted the ownership.

The Joplin items are related to an enterprise in which this plaintiff was not interested. But that is quite immaterial. The money was in that instance advanced by Pounds out of the moneys of the Manor Realty Company, and charged to the defendant in its books, and, as plaintiff states, the defendant told him to charge them to his account. What other account was there than that of the Manor Realty Company? In any case, the parties understood that the payments were made by the Manor Realty Company, and that they should be credited to that company and charged to Egbert on the books of the company. That is the fair inference to be drawn from the testimony of Pounds, and it accords with the other practices. The plaintiff's evidence makes a prima facie case of existing liability, and the defendant should not be allowed in the present record to dispute the judgments of the court entered at his instance.

The judgment is reversed and a new trial is granted, costs to abide the event.

THOMAS, CARR, and WOODWARD, JJ., concur. JENKS, P. J., and RICH, J., dissent.